UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                    Case No. 14-cr-20283
                                    Honorable Gershwin A. Drain

v.

D-1 BLAKE JOSEPH SANDLAIN,
D-2 SHELL ELIZABETH KING-WILLIAMS,

        Defendants.
_____/

## ORDER GRANTING DEFENDANTS WILLIAMS' MOTION FOR JOINDER [#25], DENYING DEFENDANTS' MOTION TO SUPPRESS EVIDENCE [#24]

### I.  Introduction

Defendant Shell Elizabeth-King Williams ("Williams") lives in Detroit, Michigan at 691 Brainard, Apt. 1106 with Defendant Joseph Sandlain ("Sandlain"). Williams' name is on the lease. The United States indicted Williams and Sandlain on May 15, 2014. The Indictment contains four counts. Count one charges Sandlin with being a felon in possession of a firearm. Count two charges Sandlain with possession with intent to distribute a controlled substance. Count Three charges Williams with maintaining a drug involved premises. Count four charges both Sandlain and Williams with possession of firearms in furtherance of drug trafficking. Presently before the Court is Sandlain's Motion to Suppress [#24]. Williams has filed a Motion for Joinder in the Motion to Suppress, in which she joins Sandlain's arguments for suppression [#25]. The hearing on the Motions concluded September 16, 2014. The Court GRANTS Williams' Motion for Joinder, and will apply its disposition of the Suppression Motion to both Defendants. For the reasons that follow, the Court will DENY the Motion to Suppress.

## II. Factual Background

On April 28, 2014, Michigan Department of Corrections ("MDOC") Officer Michelle Lopez-Glazer conducted a routine parole home visit at the residence of Defendants Sandlain and Williams. In preparation for her routine parole home visit, Officer Lopez-Glazer testified that she reviewed her file of Sandlain.

As a part of this review Officer Lopez-Glazer consulted Sandlain's parole file, which contained Sandlain's Offender Tracking Information System ("OTIS") – Offender Profile, which indicated that Defendant Sandlain had given written consent to search his person and/or property. Officer Lopez-Glazer testified that she typically receives these documents for her parolees.

While reviewing Defendant Sandlain's file, Officer Lopez-Glazer testified that she became aware of Defendant's criminal history and the fact that he was on parole for a drug distribution conviction, and had a prior drug abuse problem. Officer Lopez-Glazer also testified that she became aware of Defendant Sandlain's prior felony convictions for firearms possession and escape from jail through violence.

In conducting the parole home visit, Officer Lopez-Glazer testified that she was accompanied by five officers from the Wayne State University Police Department: Officer Ryan Spanger, Officer Mohammad Bazzy, Officer Kim Dent, Officer Ernest Myatt, and Officer Diana Napier. Officer Lopez-Glaer and Officer Bazzy each testified that all of the officers were wearing plain clothes with their badges around their necks so they could be identified as law enforcement.

Upon arrival at the complex of Defendants, Officers Lopez-Glaer and Bazzy testified that they gained entry from other residents in the building. Officers Lopez Glazer and Bazzy each testified that they knocked at the door more than once and announced their presence, with no response. Officer Lopez-Glazer and Officer Bazzy further testified that there was no doorbell at

the residence, and noted that following their knocks they heard shuffling sounds and noises coming from the interior of the residence. Distinctly, Officer Lopez-Glazer testified that she heard a voice come from within the apartment.

Given these circumstances, Officer Lopez-Glazer testified that, based on her experience as a parole officer, she believed exigent circumstances existed and that entry was necessary to prevent the destruction of evidence. The officers testified they were let into the residence of Defendant by a maintenance man of the building minutes later. Upon entering the apartment, the officers testified that they viewed an open bedroom window and a window screen on the bed. Near the bed was a sandwich bag that contained roughly 200 bags of what officers suspected was heroin. Officers also found two pistols in the bedroom. One of the pistols was near a wallet containing Sandlain's driver's license. The other pistol was in the bottom drawer of a night stand, and is registered to Williams. In the kitchen, the officers found what they suspected to be a brick of heroin, a razor blade and a digital scale. Tests proved the substances found were in fact heroin.

### III. Law and Analysis

#### A. Standard of Review

The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated. . . ." U.S. Const. Amend IV. Searches conducted without warrants are per se unreasonable. *Mincey v. Arizona*, 437 U.S. 385,390 (1978). Warrantless searches and seizures inside the home are "presumptively unreasonable." *Kentucky v. King*, 131 S. Ct. 1849, 1856, 179 L. Ed. 2d 865 (2011).

A warrantless search and seizure is not unreasonable, however, when it is executed pursuant to a special need. *Griffin v. Wisconsin*, 483 U.S. 868, 873 (1987). In certain circumstances, a warrant and probable cause are impractical. *Id*. Supervision of probationers and parolees is a circumstance where the special needs beyond normal law enforcement supersede the warrant and probable cause requirement. *Id*. at 874. In those circumstances, a statute or regulation authorizing warrantless searches of probationers and parolees is reasonable under the Fourth Amendment and responds to the special needs of the probation and parole system will be lawful. *Id*. at 880.

Pursuant to Rule 735 of the Michigan Administrative Code: "A parole agent may conduct a warrantless search of a parolee's person or property . . . [w]ith the consent of the parolee or a third party having mutual control over the property to be search." MICH. ADMIN. CODE r. 791.7735(1)(d) (2013). However, even without consent, if "there is **reasonable cause** to believe that a violation of parole exists, a parole agent may conduct a search of a parolee's person or property if, as soon as possible thereafter, the parole agent files a written report with his or her supervisor setting forth the specific reasons for the search, describing the location or place searched, and describing the specific items seized." *Id.* at 791.7735(2) (emphasis added).

Warrantless searches of homes are not unreasonable when law enforcement officers are presented with exigent circumstances that they themselves have not unlawfully created. *King*, 131 S.Ct. at 1858 (2011); *see also United States v. McDonald*, 916 F.2d 766, 772 (2d. Cir. 1990). When police officers do not create an exigency by violating or making threats to violate the Fourth Amendment, their warrantless entry into a home to "prevent the destruction of evidence" is reasonable. *King*, 131 S.Ct. at 1858. When officers make their presence known at a residence, those inside have a right not to answer and a right to answer and deny officers entry into their

home. *Id*. at 1862. The warrant requirement of the Fourth Amendment does not, however, give one the right to attempt to destroy evidence with law enforcement literally at their doorstep. *Id*.

### B. Defendants' Motion

Defendants argue the search of their home is invalid because the officers lacked a warrant, and the search exceeded the scope of the special needs exception in *Griffin*. The special needs exception requires a two-step inquiry. First, the court must determine whether the statute or regulation authorizing the search is reasonable under the Fourth Amendment. *See United States v. Loney*, 331 F.3d 516, 520 (6th Cir. 2003). Upon determining whether the statute or regulation is reasonable, the court analyzes the facts of the case to ascertain whether the officers satisfied the regulation. *Id*. at 521.

As discussed, the state of Michigan has a regulation that authorizes searches of parolees that applies to Sandlain. *See* MICH. ADMIN. CODE r. 791.7735 (2013). A warrantless search of a parolee can take place when there is reasonable cause to believe "a violation of parole exists" *Id*. The parole agent must submit a report to his supervisor as soon as possible after the search justifying the reasons for the search and describing the location to be searched and items to be seized. *Id*. The parolee can also consent to a search. *Id; see United States v. Koenig*, Case No. 13-20238, 2013 WL 5231982, at *7 (E.D. Mich. Sept. 17, 2013).

The April 28, 2014, visit from the Wayne State Police Department and MDOC was a routine parole visit. Both Defendants had the home listed on their vehicle registration information. When the officers knocked on the door, they testified there was no response, but they heard noises inside the apartment. *See King*, 131 S.Ct. at 1858 (holding police that were lawfully positioned outside an apartment, and heard noises after knocking on the door were faced with an exigency that allowed them to enter without a warrant). Given Sandlain's prior drug

convictions and substance abuse issues, the government argues that the MDOC officer had reasonable cause to believe a violation of parole was taking place, and any contraband in the home was being destroyed. Once the knock went unanswered, MICH. ADMIN. CODE r. 791.7735(2) gave the officers the authority to enter the apartment.[1]

Officer Lopez-Glazer testified that she produced the report required by the regulation the day after the search. That report, she testified, lists the circumstances surrounding the search and the items seized. This regulation complies with the Fourth Amendment's reasonableness standard and requires the officer to submit a report to a supervisor. The government has properly argued two exceptions to the general rule that warrantless searches of the home are per se unreasonable. Accordingly, the April 28, 2014 search of the Defendants' home did not violate their Fourth Amendment Rights.

### IV.   Conclusion

For the reasons mentioned above, the Court GRANTS Williams' Motion for Joinder in the Motion to Suppress [#25], and DENIES Defendants' Motion to Suppress [#24].

SO ORDERED.

Dated:  September 16, 2014                     /s/Gershwin A Drain
                                               Hon. Gershwin A. Drain
                                               United States District Court Judge

---

[1] Defendants cite *United States v. Payne*, to argue that the situation did not rise to a level to support reasonable cause for entry by the Officers. *See* 181 F.3d 781, 790-91 (6th Cir. 1999) ("[A] person's criminal record alone does not justify a search of his or her home."). That case is distinguished from the present case because, amongst other reasons, Officer Lopez-Glazer did not rely solely on Sandlain's criminal record to search the residence. Instead, Officer Lopez-Glazer considered the Defendant's criminal record in light of her experience as a parole officer and decided to enter the house to prevent evidence of a crime or parole violation from being destroyed after hearing noises and shuffling. Using these objective factors, the Court cannot say that this warrantless search was unreasonable. *See Stricker v. Cambridge Twp.*, Case No. 10-14424, 2011 WL 3319727, at *18 n.8 (E.D. Mich. Aug. 1, 2011) *aff'd sub nom. Stricker v. Twp. of Cambridge*, 710 F.3d 350 (6th Cir. 2013) (" 'The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving.' " (quoting *King*, 131 S.Ct. at 1860)).